UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

JAVIER JANIEL,

Defendant.

**ORDER**

19 Cr. 818 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

Defendant Janiel is charged with conspiracy to distribute and possess with intent

to distribute 280 grams and more of cocaine base, as well as an unspecified amount of powder

cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), & (b)(1)(C).  (Indictment (Dkt. No. 2)

Count One)

Janiel was arrested, presented, and arraigned before Magistrate Judge Sarah

Netburn on November 20, 2019.  (See Dkt. No. 11)  He was detained on consent without

prejudice.  (Id.)  Janiel now seeks release on bail.[1]  (Mar. 30, 2020 Def. Ltr. (Dkt. No. 24))  The

Government opposes his request.  (Mar. 31, 2020 Govt. Ltr. (Dkt. No. 25))  No trial date has

been set, and the defense is currently reviewing discovery and contemplating pretrial motions.

I.      **LEGAL STANDARDS**

The Bail Reform Act, 18 U.S.C. § 3142(g) directs that the Court consider the

following factors in determining whether pretrial release is appropriate:

(1) the nature and circumstances of the offense charged, including whether
    the offense is a crime of violence, a violation of section 1591, a Federal crime
    of terrorism, or involves a minor victim or a controlled substance, firearm,
    explosive, or destructive device;

(2) the weight of the evidence against the [defendant];

---

[1]  Janiel has consented to having his bail application decided on the papers, and has waived his
right to a hearing.  See Dkt. No. 33.

(3) the history and characteristics of the [defendant], including . . . the [defendant's] character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; . . . and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release . . . .

18 U.S.C. § 3142(g).

In order for a defendant to be detained pending trial, the Government must demonstrate (1) by a preponderance of the evidence, that there is no condition or combination of conditions that will ensure the defendant's return to court; or (2) by clear and convincing evidence, that there is no condition or combination of conditions that will reasonably assure the safety of the community.

## II. THE PARTIES' ARGUMENTS

### A. Defendant Janiel

Janiel argues that he should be released for health reasons, because of a lack of access to his attorney, and because he does not present a risk of flight or a danger to the community. (Mar. 30, 2020 Def. Ltr. (Dkt. No. 24))

According to Janiel, he has "precarious health . . . [as] the victim of a gunshot to his leg. Prior to his custody, he has received multiple vascular surgeries[,] will require future surgeries[, and] has been hospitalized while in custody in this case." (Id. at 1) Because of the COVID-19 virus, Janiel "is highly susceptible of serious, if not fatal consequences, if he contracts the virus while in custody." (Id.)

Janiel also complains that "due to restrictions on visitation of prisoners currently in place, it is impossible for defendant to communicate with his attorney . . . ." (Id. at 2)

Finally, Janiel argues that he is "reliable and trustworthy," and "does not represent any danger to the community or risk of flight." (Id.) In support of this assertion, Janiel cites a letter from his older sister Yasmili Bobea. (Id. & Ex. A)

As to a bail package, Janiel proposes (1) being "release[d] to the home of his mother in New York City so he can self-quarantine"; (2) "a personal recognizan[ce] bond in the amount of $100,000" signed by his sister and aunt; and (3) "an electronic ankle bracelet." (Id. at 2)

## B. The Government

The Government opposes Janiel's application, arguing that (1) he poses a danger to the community; and (2) his health "is not a 'compelling reason' for his release." (Mar. 31, 2020 Govt. Ltr. (Dkt. No. 25) at 4-5)

The Government argues that Janiel "personally sold crack cocaine to undercover officers on more than 30 separate occasions between June and October 2019." (Id. at 3 (emphasis in original)) According to the Government, the "evidence that Janiel not only participated in the charged narcotics conspiracy, but that he was a critical member is overwhelming," as "[a]ll of these buys were recorded . . . ." (Id.) The Government further notes that "Janiel proposes to return [– if released on bail –] to the very same apartment from which many of the recorded drug sales in this case occurred." (Id. at 4) The Government also argues that "the fact that Janiel engaged in the instant offense while on probation for a controlled substance offense indicates that he has no regard for the criminal justice system." (Id.)

As to the risk Janiel faces in the MCC as a result of the coronavirus pandemic, the Government contends that "there is nothing in Janiel's bail application demonstrating why an old

leg injury places him at particular risk of contracting a respiratory illness or suffering an adverse outcome from such a disease." (Id. at 5 (emphasis in original))

As to Janiel's arguments about access to counsel, the Government states that "BOP is making every effort to facilitate phone calls between inmates and their counsel, and email remains available to inmates at MCC." The Government further notes that pretrial release would not "facilitate in-person meetings with counsel given the current restrictions on all New Yorkers regarding travel and social distancing." (Id.)

## III.    BAIL REFORM ACT ANALYSIS

### A.    Nature of the Offense Charged

Defendant Janiel is charged with conspiracy to distribute and possess with intent to distribute 280 grams and more of crack cocaine, and an unspecified amount of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), & (b)(1)(C). (Indictment (Dkt. No. 2))

The Government proffers that, on more than thirty occasions between June and October 2019, Janiel sold crack cocaine to undercover officers. (Mar. 31, 2020 Govt. Ltr. (Dkt. No. 25) at 3) Each transaction was video-recorded. (Id.) Some of these sales "were conducted together with Janiel's co-conspirators, including Anthony Melo and Juan Peralta." (Id.) "Many of these sales occurred directly in front of Janiel's apartment building at 2 Thayer Street. And on one occasion, a camera captured Janiel going into his apartment in order to obtain the crack that he then sold to the undercover officer." (Id.)

Janiel, Melo, and Peralta were arrested on November 20, 2019. That same day, the Government executed a search warrant at Janiel's apartment. Officers recovered more than 50 vials of crack cocaine from Janiel's apartment. (Id.)

Janiel is charged with the distribution of large quantities of crack cocaine. He faces a mandatory minimum sentence of ten years' imprisonment. Because of the drug conspiracy charge pending against Janiel, there is a presumption under 18 U.S.C. § 3142(e)(3)[2] that no condition or combination of conditions will ensure Janiel's return to court and the safety of the community.

**B.      Weight of the Evidence**

As to the weight of the evidence against Janiel, it appears overwhelming. The Government has video evidence of Janiel selling crack cocaine to undercover officers on more than thirty separate occasions. (Id. at 3) The Government's proof also includes more than fifty vials of crack cocaine recovered from Janiel's residence on the day of his arrest. (Id.)

**C.      History and Characteristics of the Defendant**

Janiel is 23 years old and was born and raised in New York City. He has lived in the same apartment with his mother and sister for his entire life. Janiel is single. He has worked as a delivery person for Door Dash and Uber Eats since June 2019. Before that, he was working toward carpentry and OSHA certifications. In 2018, Janiel suffered a gunshot wound to his leg, which required multiple surgeries. He requires physical therapy and continued treatment for his leg. (PTS Rpt.)

As to criminal record, Janiel has a 2018 felony conviction for criminal possession of a controlled substance with intent to sell, and a 2018 misdemeanor conviction for criminal

---

[2] 18 U.S.C. § 3142(e)(3): "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed –
   (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . ;
   (B) an offense under section 924(c) . . . of this title. . . ."

possession of a controlled substance with intent to sell.  A bench warrant was issued in the first

case.  Janiel was sentenced to five years' probation in both cases.  Janiel was thus on probation

when he allegedly sold an undercover officer crack cocaine on more than thirty occasions.  (PTS

Rpt.)

          D.        **Risk of Flight and Danger to the Community**

Given Janiel's family ties and longtime residence in New York City, the

Government has not demonstrated by a preponderance of the evidence that there is no condition

or combination of conditions that can ensure the Defendant's return to court.

As to danger to the community, the Government must establish by "clear and

convincing evidence" that there is no condition or combination of conditions that will ensure the

safety of the community if the Defendant is released.  That standard is met here, and Janiel has

not rebutted the presumption that detention is appropriate.  See 18 U.S.C. § 3142(e)(3)(A).

There is overwhelming and unchallenged evidence that Janiel was involved in the

large-scale distribution of crack cocaine.  That evidence includes more than thirty video-recorded

undercover buys of crack cocaine, and more than 50 vials of crack cocaine seized from Janiel's

apartment.  Given that Janiel stored drugs inside his family's apartment, and sold those drugs

directly outside that same apartment, it is obvious that Janiel's mother and sister do not have

sufficient suasion over him to ensure that he remains law-abiding.  Moreover, the fact that Janiel

allegedly committed the charged offense while serving a term of probation for two drug

trafficking offenses demonstrates that he is a danger to the community and not susceptible to

community supervision.

Janiel contends, however, that the COVID-19 pandemic and conditions at the

MCC justify his release.  Janiel is not elderly, however.  He is 23 years old.  While he has

undergone multiple surgeries for a gunshot wound to his leg in 2018, he has not explained how

these circumstances put him at a higher risk of contracting the coronavirus, or give him a worse

prognosis if he contracts COVID-19.  Acknowledging the risk that the virus presents in an

incarceratory setting, that risk does not – at this time – outweigh the danger that Janiel presents

to the community.

## **CONCLUSION**

The Government has met its burden of demonstrating that there is no condition or

combination of conditions that can ensure the safety of the community if Janiel is released on

bail.  Accordingly, he will remain detained pending trial or plea.  The Court is cognizant of the

risk to inmates presented by the current COVID-19 crisis, however.  See Federal Defenders of

New York, Inc. v. Federal Bureau of Prisons, No. 19-1778, slip op. at 26-27 (2d Cir. Mar. 20,

2020).  Accordingly, Janiel's application for pretrial release is denied without prejudice to

renewal in the event circumstances materially change.

Dated: New York, New York
        April 8, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge