L4G1JANP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                       19 Cr. 818 (PGG)

JAVIER JANIEL,

              Defendant.           Remote Plea
------------------------------x

                                 April 16, 2021
                                 9:34 a.m.


Before:

                  HON. PAUL G. GARDEPHE,

                              District Judge


                    APPEARANCES

AUDREY STRAUSS
     United States Attorney for the
     Southern District of New York
BY:  DOMINIC A. GENTILE
     Assistant United States Attorney

LAW OFFICE OF EVANS D. PRIESTON
     Attorney for Defendant
BY:  EVANS D. PRIESTON, ESQ.

L4G1JANP

1          (Case called)

2          THE DEPUTY CLERK:  Counsel for the government, please

3    state your appearance.

4          MR. GENTILE:  Good morning, your Honor.  Dominic

5    Gentile for the United States.

6          THE DEPUTY CLERK:  Counsel for defendant, please state

7    your appearance.

8          MR. PRIESTON:  My name is Evans Prieston appearing on

9    behalf of Javier Janiel.

10          THE DEPUTY CLERK:  And Mr. Janiel, you're on the line

11    with us, correct?

12          THE DEFENDANT:  Correct.

13          THE DEPUTY CLERK:  Thank you.

14          THE COURT:  This matter is on my calendar for purposes

15    of conducting a plea hearing.  I am conducting this proceeding

16    telephonically pursuant to the authority provided by

17    Section 15002 of the Coronavirus Aid, Relief, and Economic

18    Security Act –- commonly referred to as the CARES Act –- as

19    well as certain standing orders issued by the Chief Judge.  The

20    CARES Act expands the ability of judges in criminal proceedings

21    to use videoconferencing, or teleconferencing where

22    videoconferencing is not reasonably available.  However, felony

23    guilty pleas may proceed by teleconference only with the

24    consent of the defendant after consultation with counsel.

25          On March 11, 2021, the Chief Judge of this district

L4G1JANP

1   entered a standing order authorizing the use of

2   videoconferencing, or teleconferencing where videoconferencing

3   is not reasonably available, for various criminal proceedings,

4   including guilty pleas.  Rule 43(a) of the Federal Rules of

5   Criminal Procedure provides that a defendant must be present at

6   his guilty plea.  The defendant may appear at a Rule 11

7   proceeding by teleconference, however, if he consents.

8           In the context of this case, I find that the

9   defendant's plea proceeding cannot be further delayed without

10  serious harm to the interests of justice.  The defendant was

11  arrested back in November of 2019.

12          I also find, based on my understanding of this

13  district's current technical capabilities, that

14  videoconferencing is not readily available and that a

15  teleconference is preferable under the circumstances.

16          Mr. Janiel, have you spoken with Mr. Prieston about

17  having your guilty plea today proceed by way of teleconference?

18          THE DEFENDANT:  Yes, I have.

19          THE COURT:  And Mr. Janiel, you understand that you

20  have a right to be physically present in a courtroom for

21  purposes of your guilty plea?

22          THE DEFENDANT:  Yes, I do.

23          THE COURT:  Do you understand that, sir?

24          THE DEFENDANT:  Yes.

25          THE COURT:  But my understanding is that you have

L4G1JANP

1  agreed to have your guilty plea proceed today by way of

2  teleconference; is that true?

3              THE DEFENDANT:  Yes, I agree.

4              THE COURT:  And Mr. Prieston, do you consent to these

5  proceedings going forward today by way of teleconference?

6              MR. PRIESTON:  Yes, your Honor.

7              THE COURT:  I find that the defendant has knowingly

8  and voluntarily waived his right to have his guilty plea

9  proceed in a courtroom and instead we will proceed today by way

10  of teleconference.

11              Before proceeding further, I will address the recent

12  amendment to Rule 5 of the Federal Rules of Criminal Procedure.

13  As required by Rule 5(f), I direct the government to comply

14  with its obligations under *Brady v. Maryland* and its progeny to

15  disclose to the defense all information, whether admissible or

16  not, that is favorable to the defendant, material either to

17  guilt or to punishment, and known to the government.  Possible

18  consequences for noncompliance with this order may include

19  dismissal of charges against the defendant, exclusion of

20  evidence, and professional discipline or court sanctions on the

21  attorneys responsible.

22              I have entered a written order that more fully

23  describes the government's obligations and the possible

24  consequences of failing to meet those obligations.  I direct

25  the government to review and comply with that order.

L4G1JANP

 1    Mr. Gentile, does the government confirm that it understands

 2    its obligations and will fulfill them?

 3         MR. GENTILE:  This is Dominic Gentile for the

 4    government, Judge.  Yes, the government is aware of the Court's

 5    order and has complied and will continue to comply with its

 6    obligations under *Brady v. Maryland* and its progeny.

 7         THE COURT:  We will now proceed to the guilty plea.

 8         I am told, Mr. Prieston, that the defendant wishes to

 9    plead guilty to a lesser included offense of Count One of the

10    indictment -- specifically, a (b)(1)(C) violation; is that

11    true, Mr. Prieston?

12         MR. PRIESTON:  Yes, Judge.

13         THE COURT:  Mr. Ruocco, would you please swear in the

14    defendant.

15         THE DEPUTY CLERK:  Yes, your Honor.

16         (Defendant sworn)

17         THE COURT:  Mr. Janiel, you should understand that

18    you're now under oath, and if you answer any of my questions

19    falsely, your answers may later be used against you in another

20    prosecution for perjury or for making a false statement.  Do

21    you understand that, sir?

22         THE DEFENDANT:  Yes.

23         THE COURT:  I have been given an Advice of Rights form

24    that appears to have been signed by the defendant and his

25    attorney.  Mr. Janiel, do you recall signing the Advice of

L4G1JANP

1    Rights form?

2                THE DEFENDANT:  Recall?

3                THE COURT:  Yes.  It's a form that advises you of your

4    rights in connection with pleading guilty.  It's a two-page

5    form, and I have a copy of it, and it appears to have been

6    signed by you on or about March 3rd of this year, so it was

7    awhile back, but I have a form bearing your signature, or what

8    appears to be your signature, and the date of March 3, 2021.

9                THE DEFENDANT:  Yeah, yeah, yeah, that's -- yeah,

10   that's me.

11               THE COURT:  Okay.  I will mark the Advice of Rights

12   form as Exhibit 1 to these proceedings.

13               I've also been given a plea agreement that appears to

14   have been signed by Mr. Janiel, by his attorney, and by

15   representatives of the U.S. Attorney's Office.

16               Mr. Janiel, do you recall signing the plea agreement

17   in this case?  It's a seven-page document --

18               THE DEFENDANT:  Yes, sir.

19               THE COURT:  -- that I have in front of me.  Do you

20   remember that?

21               THE DEFENDANT:  Yes, your Honor.

22               THE COURT:  Okay.  I will mark the plea agreement as

23   Exhibit 2 to these proceedings.

24               Before deciding whether to accept your guilty plea,

25   Mr. Janiel, I am required to ask you certain questions.  It's

L4G1JANP

1    important you answer these questions honestly and completely.

2    The purpose of these proceedings is to make sure that you

3    understand your rights and for me to make certain that you're

4    pleading guilty of your own free will, to make sure that you

5    are pleading guilty because you are in fact guilty, and not for

6    some other reason.  Do you understand that, sir?

7              THE DEFENDANT:  Yes, correct.

8              THE COURT:  If you don't understand any of my

9    questions or you want to consult with Mr. Prieston at any time,

10   please say so, because it is important that you understand

11   every question before you answer.

12             THE DEFENDANT:  All right.

13             THE COURT:  Mr. Janiel, could you give us your full

14   name for the record.

15             THE DEFENDANT:  Janiel Javier.

16             THE COURT:  All right.  So your name is actually

17   Janiel Javier.  Javier is actually your last name.

18             THE DEFENDANT:  Yeah, Javier is actually my last name.

19   I have a middle name, Enrique.

20             THE COURT:  So your full name is Janiel Enrique

21   Javier.

22             THE DEFENDANT:  Correct, your Honor.

23             THE COURT:  Okay.  So I'm going to address you as

24   Javier throughout.

25             Mr. Javier, how far did you go in school?

L4G1JANP

1            THE DEFENDANT:  I had went like up to, um, junior.

2            THE COURT:  Junior year in high school?

3            THE DEFENDANT:  Yeah, junior, 11th grade in high

4    school, correct.

5            THE COURT:  Okay.  Mr. Javier, have you ever been

6    addicted to any drugs or alcohol or been treated for any

7    addiction?

8            THE DEFENDANT:  Yes, correct.

9            THE COURT:  Are you currently experiencing any

10   symptoms associated with prior use of drugs or alcohol?

11           THE DEFENDANT:  I mean, I already surpassed the -- the

12   addiction during my time incarcerated.

13           THE COURT:  Okay.  So you're not currently

14   experiencing any symptoms associated with that prior addiction.

15           THE DEFENDANT:  No.

16           THE COURT:  Mr. Javier, are you now or have you

17   recently been under the care of any kind of a doctor?

18           THE DEFENDANT:  Like in -- what you mean by that, your

19   Honor?

20           THE COURT:  Well, I'm asking if you're currently being

21   treated by any sort of doctor or physician, medical personnel,

22   for any sort of condition.

23           THE DEFENDANT:  I mean, not -- no, not really.

24           THE COURT:  Okay.  In the past 24 hours have you taken

25   any drugs, medicine, or pills, or drunk any alcohol?

L4G1JANP

| | |
|---|---|
| 1 | THE DEFENDANT:  No, your Honor. |
| 2 | THE COURT:  Is your mind clear today and do you |
| 3 | understand what is happening? |
| 4 | THE DEFENDANT:  Yes, your Honor. |
| 5 | THE COURT:  Mr. Prieston, do you have any doubt as to |
| 6 | Mr. Javier's competence to plead guilty this morning? |
| 7 | MR. PRIESTON:  No. |
| 8 | THE COURT:  On the basis of Mr. Javier's responses to |
| 9 | my questions, I find that he's competent to enter an informed |
| 10 | plea. |
| 11 | Mr. Javier, have you had enough time to discuss your |
| 12 | case with your attorney? |
| 13 | THE DEFENDANT:  Yes, I have. |
| 14 | THE COURT:  Have you discussed with him the charge |
| 15 | against you as well as your intention to plead guilty to the |
| 16 | lesser included offense that I mentioned? |
| 17 | THE DEFENDANT:  Yes, I have. |
| 18 | THE COURT:  Have you discussed with him any possible |
| 19 | defenses you might have to that charge as well as all the facts |
| 20 | about your involvement in this matter? |
| 21 | THE DEFENDANT:  Yes, I have. |
| 22 | THE COURT:  And has Mr. Prieston told you about the |
| 23 | consequences of pleading guilty? |
| 24 | THE DEFENDANT:  Yes, he has. |
| 25 | THE COURT:  And are you satisfied with Mr. Prieston's |

L4G1JANP

1    representation of you?

2              THE DEFENDANT:  Yes, I am, your Honor.

3              THE COURT:  I now must explain certain constitutional

4    rights that you have.  These are rights you'll be giving up if

5    you enter a guilty plea.  Please do listen carefully to what

6    I'm about to say.  If you don't understand something, stop me,

7    and either myself or Mr. Prieston will explain the matter to

8    you more fully.

9              Under the Constitution and laws of the United States,

10   you have a right to a speedy and public trial by a jury on the

11   charge against you contained in the indictment.  Do you

12   understand that?

13             THE DEFENDANT:  Yes.

14             THE COURT:  If there were a trial, you would be

15   presumed innocent, and the government would be required to

16   prove your guilt by competent evidence and beyond a reasonable

17   doubt.  You would not have to prove you were innocent at a

18   trial.  Do you understand that?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  If there were a trial, a jury composed of

21   12 people selected from this district would have to agree

22   unanimously before you could be found guilty.  Do you

23   understand that?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  If you decided to go to trial, at that

L4G1JANP

1    trial and at every stage of your case, you would have the right

2    to be represented by an attorney, and if you could not afford

3    one, an attorney would be appointed to represent you at

4    government expense and at no cost to you.  If you retained a

5    lawyer and you ran out of money, an attorney would be appointed

6    to continue to represent you and to handle your case all the

7    way through trial and not just for purposes of a guilty plea.

8    So your decision to plead guilty should not depend on whether

9    you can afford a lawyer.  Do you understand that?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  If there were a trial, you have the right

12   to see and hear all the witnesses against you, and your

13   attorney could cross-examine them.  You'd have a right to have

14   your attorney object to the government's evidence, to offer

15   evidence on your behalf, if you so desired.  You'd have the

16   right to have subpoenas issued to compel witnesses to testify

17   in your defense.  Do you understand that?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  If there were a trial, you'd have the

20   right to testify if you wanted to, but no one could force you

21   to testify if you did not want to.  Furthermore, no inference

22   or suggestion of guilt could be drawn if you chose not to

23   testify at a trial.  Do you understand that?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  If you were convicted at a trial, you

L4G1JANP

1   would have the right to appeal that verdict to a higher court.

2   Do you understand that?

3            THE DEFENDANT:  Yes, your Honor.

4            THE COURT:  Even now as you're entering this plea, you

5   have the right to change your mind, plead not guilty, and go to

6   trial on the charge contained in the indictment.  Do you

7   understand that?

8            THE DEFENDANT:  Yes, your Honor.

9            THE COURT:  If you plead guilty and I accept your

10  plea, you will give up your right to a trial and the other

11  rights I just mentioned, other than the right to a lawyer,

12  which you have regardless of whether or not you plead guilty.

13  If you plead guilty, I will enter a judgment of guilty and

14  sentence you on the basis of your plea, after I have considered

15  a presentence report and whatever submissions I receive from

16  your lawyer and the government.  Do you understand that?

17           THE DEFENDANT:  Yes, your Honor.

18           THE COURT:  If you plead guilty, you will have to give

19  up your right not to incriminate yourself because I will ask

20  you questions about what you did in order to satisfy myself

21  that you are guilty as charged, and you will have to admit and

22  acknowledge your guilt.  Do you understand that?

23           THE DEFENDANT:  Yes, your Honor.

24           THE COURT:  As I told you a moment ago, you are

25  pleading guilty to a felony offense of violating 21 United

L4G1JANP

States Code Section 846 and 841(b)(1)(C).  Those provisions

make it unlawful to conspire to distribute and possess with

intent to distribute cocaine base -- commonly known as crack --

as well as powder cocaine.

The government would have to prove at trial these

elements of the offense beyond a reasonable doubt:

First, the government would have to prove the

existence of a conspiracy alleged in the indictment -- in other

words, that at some point between April 2019 and November 2019,

there was in fact an agreement or understanding between two or

more people to violate those provisions of the law that make it

a crime to distribute cocaine base and cocaine or to possess

cocaine base and cocaine with the intent to distribute them;

Second, the government would have to prove that you

knowingly became a member of that conspiracy -- that is, that

you knowingly associated yourself with the charged conspiracy

and participated in that conspiracy to distribute cocaine base

and cocaine and to possess cocaine base and cocaine with the

intent to distribute them.

Mr. Javier, do you understand that these are the

elements of the offense that you're pleading guilty to?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  I will now tell you the maximum and any

minimum possible penalty for this crime.  The maximum means the

most punishment that could possibly be imposed, it does not

L4G1JANP

1   necessarily mean that is what you will receive, but you have to

2   understand that by pleading guilty, you are exposing yourself

3   to the possibility of receiving any combination of punishment

4   up to the maximum I am about to describe.  Do you understand

5   that?

6           THE DEFENDANT:  Yes, your Honor.

7           THE COURT:  The crime to which you are pleading guilty

8   carries a maximum sentence of 20 years' imprisonment.  The

9   sentence could be followed by a maximum of lifetime supervised

10  release and will be followed by at least a mandatory minimum

11  term of three years' supervised release.

12          Supervised release means that if you are sentenced to

13  prison, after you are released from prison, you will be subject

14  to supervision by the U.S. Probation Office.  There will be

15  rules of supervised release that you will have to follow, and

16  if you violate those rules, you can be returned to prison

17  without a jury trial to serve additional time even beyond your

18  original sentence.

19          In addition, the crime to which you are pleading

20  guilty carries a maximum fine of the greatest of $1 million,

21  twice the gross pecuniary gain derived from the offense, or

22  twice the gross pecuniary loss resulting from the offense.

23          Parole has been abolished in our federal system, and

24  if you are sentenced to prison, you will not be released early

25  on parole.  There is a limited opportunity to earn credit for

L4G1JANP

1    good behavior, but you will have to serve at least 85 percent

2    of the time you are sentenced to.  Do you understand that?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  There is also a mandatory minimum fine, or

5    special assessment, of $100 that I am required to impose.  Do

6    you understand that?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  As part of your sentence, I have the power

9    to order you to make restitution to anyone who was injured as a

10   result of your criminal conduct, and I can also order you to

11   forfeit certain property to the government.  Do you understand

12   that?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  Being convicted of a felony may have other

15   consequences, such as the loss of licenses or of the right to

16   possess a firearm.  If you are a citizen of the United States,

17   you could lose your right to vote.  If you're not a citizen of

18   the United States, you will lose any right you might have to

19   remain in the United States, and you will be deported after

20   serving your sentence.  This is not a full list of the

21   consequences of a felony conviction; these are only examples.

22   Do you understand that?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  There are sentencing guidelines I'm

25   required to consult in determining an appropriate sentence in

L4G1JANP

1    your case.  Have you spoken with Mr. Prieston about the

2    sentencing guidelines?

3              THE DEFENDANT:  Yes, I have, your Honor.

4              THE COURT:  You should understand that I will not be

5    able to determine what the guidelines recommend until after a

6    presentence report has been prepared by the probation office

7    and your lawyer and the prosecutor have had a chance to

8    challenge the facts as set forth by the probation office.  Do

9    you understand that?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  You should also understand that after I

12   determine what the guidelines range is and considered whether a

13   departure, either upwards or downwards, from the guidelines

14   range is called for, I will then determine what an appropriate

15   sentence is in your case, having in mind not only the

16   sentencing guidelines but all of the factors set forth in the

17   sentencing statute, including the need for the sentence imposed

18   to reflect the seriousness of your offense, the need to promote

19   respect for the law, to provide just punishment, and to afford

20   adequate deterrence to criminal conduct.  Do you understand

21   that?

22             THE DEFENDANT:  Yes, I understand, your Honor.

23             THE COURT:  You should understand that if your

24   attorney or anyone else has attempted to estimate or predict

25   what your sentence will be, their estimate or prediction could

L4G1JANP

1    be wrong.  Do you understand that?

2              THE DEFENDANT:  Yes.  Yes, I understand, your Honor.

3              THE COURT:  No one, not even your attorney or the

4    prosecutor, can give you any assurance of what your sentence

5    will be.  Your sentence cannot be determined until the

6    presentence report is prepared and I have ruled on any

7    objections to the report, determined whether I believe there

8    are grounds to depart upwards or downwards from the guidelines

9    range, and otherwise determined what an appropriate sentence is

10   in your case.  Do you understand that?

11             THE DEFENDANT:  Yes, I understand, your Honor.

12             THE COURT:  You should fully understand that even if

13   your sentence is different from what your attorney or anyone

14   else told you it might be, or if it is different from what you

15   expect, you will still be bound by your guilty plea and you

16   will not be allowed to withdraw your plea of guilty.  Do you

17   understand that?

18             THE DEFENDANT:  Yes, I understand, your Honor.

19             THE COURT:  I have been given a plea agreement, which

20   I've marked as Exhibit 2.  You told me a moment ago that you

21   recalled signing the plea agreement.  Mr. Javier, did you read

22   the plea agreement before you signed it?

23             THE DEFENDANT:  Yes, I have, your Honor.

24             THE COURT:  And did you discuss the plea agreement

25   with Mr. Prieston before you signed it?

L4G1JANP

1                THE DEFENDANT:  Yes, I have, your Honor.

2                THE COURT:  Did you fully understand the agreement

3       before you signed it?

4                THE DEFENDANT:  Yes, I do, your Honor.

5                THE COURT:  And does this agreement constitute your

6       complete and total understanding of the entire agreement

7       between you and the United States government as to this matter?

8                THE DEFENDANT:  Yes, it does, your Honor.

9                THE COURT:  Has anyone offered you any inducements or

10      threatened you or forced you to plead guilty or to enter into

11      this plea agreement?

12               THE DEFENDANT:  No, your Honor.

13               THE COURT:  You should understand that one provision

14      of the plea agreement states that as long as I sentence you to

15      108 months' imprisonment or less, you may not appeal your

16      sentence or challenge the legality of your sentence at any time

17      or for any reason.  Do you understand that?

18               THE DEFENDANT:  Yes, I understand, your Honor.

19               THE COURT:  Mr. Prieston, do you know of any valid

20      defense that would prevail at trial or any other reason why

21      Mr. Javier should not be permitted to plead guilty today?

22               MR. PRIESTON:  No.

23               THE COURT:  And do you believe there's an adequate

24      factual basis to support a guilty plea?

25               MR. PRIESTON:  Yes.

L4G1JANP

1      THE COURT:  Does the government represent there's an

2   adequate factual basis to support a guilty plea?

3      MR. GENTILE:  This is Dominic Gentile for the

4   government.  Yes, Judge, the government does make that

5   representation.

6      THE COURT:  Mr. Javier, we've reached the point in the

7   proceedings where I need you to tell me what you did that makes

8   you believe that you're guilty of the lesser included offense

9   of Count One.

10      THE DEFENDANT:  I -- I sold cocaine base to a

11   undercover -- to a undercover detective.  I was aware that it

12   was an -- illegal drugs, and I was also aware that I did it in

13   New York County.

14      THE COURT:  And Mr. Javier, did this take place at

15   some point between April and November 2019?

16      THE DEFENDANT:  Yes, your Honor.

17      THE COURT:  And did it take place in the vicinity of

18   northern Manhattan?

19      THE DEFENDANT:  Yes, your Honor.

20      THE COURT:  And Mr. Javier, were you also involved in

21   the distribution of powder cocaine?

22      THE DEFENDANT:  Yes, your Honor.

23      THE COURT:  Mr. Gentile, do you wish me to ask any

24   other questions of Mr. Javier?

25      MR. GENTILE:  Your Honor, this is Dominic Gentile.

L4G1JANP

1    Yes, your Honor; if the defendant agreed with others to

2    distribute that cocaine and the crack.

3             THE COURT:  Yes.  Mr. Javier, in connection with that

4    distribution of cocaine base and cocaine that you've told us

5    about --

6             THE DEFENDANT:  Yes.

7             THE COURT:  -- your distribution of the cocaine base

8    and cocaine, was that pursuant to an agreement that you had

9    with someone else, someone other than the undercover officer?

10            THE DEFENDANT:  I only sold -- I only sold to a

11   undercover detective myself.

12            THE COURT:  Right.  But were you working with someone

13   to obtain the cocaine base and cocaine that you ended up

14   selling to the undercover officer?

15            THE DEFENDANT:  No, just myself, your Honor.

16            MR. PRIESTON:  Could I have a second, your Honor.

17            THE COURT:  Well, just let me ask one more question

18   and then, Mr. Prieston, if it's necessary, you're more than

19   welcome to speak to Mr. Javier.

20            MR. PRIESTON:  Thank you.

21            THE COURT:  What I was asking, Mr. Javier, is:  Did

22   you obtain the cocaine base and powder cocaine that you sold to

23   the undercover officer, did you obtain those drugs from someone

24   else who knew that you were going to be selling them to a third

25   person?

L4G1JANP

1          THE DEFENDANT:  I don't understand that question.

2          THE COURT:  Okay.

3          MR. PRIESTON:  Did you get it -- if I could have a

4    second.

5          Did you get the drugs from somebody else?

6          THE DEFENDANT:  I mean --

7          MR. PRIESTON:  And did that person --

8          THE DEFENDANT:  Yeah, I got it from another place,

9    yeah, I did.

10          MR. PRIESTON:  And you knew that -- they knew that

11   you'd be selling it, right?

12          THE DEFENDANT:  Yeah.

13          MR. PRIESTON:  And those people are part of the people

14   charged in this case?

15          THE DEFENDANT:  Nah.  No.

16          THE COURT:  So what we need you to understand,

17   Mr. Javier, is that the charge that you're pleading guilty to

18   is a conspiracy charge, so it requires that you had an

19   agreement or understanding with somebody else to distribute the

20   cocaine base and the powder cocaine, and so what Mr. Prieston

21   was just asking you is:  Did you obtain the cocaine base and

22   the powder cocaine from somebody else?  So that's Question

23   No. 1.  Did you get those drugs from somebody else?

24          THE DEFENDANT:  Yeah, I did got it from somebody else,

25   but it's nobody -- nobody from -- from -- from my indictment.

L4G1JANP

1    I got it from somebody else around my neighborhood, and yes,

2    that person knew I was gonna take it for myself, 'cause I

3    was -- I was an addict, and also to sell it to -- to sell it to

4    somebody else.

5            THE COURT:  Okay.  Mr. Gentile, anything else you want

6    me to ask Mr. Javier?

7            MR. GENTILE:  That's all.  Thank you, Judge.

8            THE COURT:  All right.  Mr. Javier, are you pleading

9    guilty because you are in fact guilty?

10           THE DEFENDANT:  Yes, your Honor.

11           THE COURT:  And are you pleading guilty voluntarily

12   and of your own free will?

13           THE DEFENDANT:  Yes, your Honor.

14           THE COURT:  And I'll ask you, how do you plead as to

15   the lesser included offense of Count One, guilty or not guilty?

16           THE DEFENDANT:  Guilty.

17           THE COURT:  Mr. Gentile, do you wish me to allocute

18   Mr. Javier as to the forfeiture allegation?

19           MR. GENTILE:  Your Honor, this is Dominic Gentile for

20   the government.  The government is not seeking forfeiture at

21   this time, so no.  Thank you, Judge.

22           THE COURT:  All right.  Mr. Javier, because you

23   acknowledge you're guilty of the lesser included offense of

24   Count One, because you find you know your rights and you're

25   waiving them knowingly and voluntarily, and because I find your

L4G1JANP

plea is entered knowingly and voluntarily and is supported by

an independent basis in fact containing each of the essential

elements of the offense, I accept your guilty plea and adjudge

you guilty of the offense to which you have pled guilty.

I will order a presentence report.  I ask you to

cooperate with the people who prepare the report because it

will be very important to me in making my decision as to what

your sentence will be.  You and Mr. Prieston will have an

opportunity to review the presentence report before sentencing.

I urge you to review it carefully with him and discuss it with

him before sentencing.  If there are any mistakes in the

report, please point them out to Mr. Prieston so that he can

point them out to me so that I don't proceed on the basis of

mistaken information.

I am going to set sentencing for August 23rd at 12

noon.  Does that date present any difficulties for anyone,

August 23, 2021?

MR. PRIESTON:  No, your Honor.

MR. GENTILE:  No, your Honor.  I'm sorry.  What was

the time you said?

THE COURT:  August 23rd at 12 noon.

MR. GENTILE:  Thank you, Judge.

THE COURT:  Written submissions by the defendant are

due on August 2, 2021, and any submission by the government is

due on August 9, 2021.

L4G1JANP

1            Mr. Gentile, is there anything else for the

2      government?

3            MR. GENTILE:  Nothing from the government, Judge.

4      Thank you.

5            THE COURT:  And Mr. Prieston, anything else for the

6      defense?

7            MR. PRIESTON:  No, thank you, your Honor.

8            THE COURT:  All right.  Thank you, all.  Good day.

9            MR. PRIESTON:  Bye-bye.

10            MR. GENTILE:  Thank you.

11                              o0o

12

13

14

15

16

17

18

19

20

21

22

23

24

25